IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-3081-01-CR-S-ODS |
| | ) | |
| DARREN KOGER, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING
DEFENDANT'S MOTION TO SUPPRESS

On April 17, 2008, the Honorable James C. England, United States Magistrate
Judge for this District, issued his Report and Recommendation (the "Report")
recommending Defendant's Motion to Suppress (Docs. # 24 and 37) be denied.
Defendant filed timely objections. Upon de novo review of the Record, the Court is
persuaded that the Report's conclusions and resulting recommendation are correct.

The Report is detailed and thorough, so little needs to be added. Defendant
contends that the affidavit in support of the search warrant lacked probable cause to
believe that the items listed in the warrant were at Defendant's residence, 1120 E.
Latoka, and that the good faith exception is unavailable. The Court overrules
Defendant's objections and adopts the Report as the Order of the Court.

The Court finds that there was probable cause to support issuance of a search
warrant for 1120 E. Latoka. On April 7, 2006, May 31, 2006, and July 13, 2006, three
different confidential sources provided information to three different officers of the
Springfield Police Department that Defendant was selling large amounts of marijuana.
On September 28, 2006, Officer Estrada seized three bags of trash from the front of
Defendant's residence at 1120 E. Latoka.[1] In one bag Officer Estrada found an

---

[1] The Court finds that references to the address 1120 E. Catalpa were merely
typographical errors that do not affect the validity of the warrant. Each time the warrant

envelope with the name of Rebecca Browning, Defendant's girlfriend, on it. He also found two additional envelopes with the name "Darren" handwritten on them. In the second bag he found marijuana stems. Officer Estrada also saw a vehicle on the front lawn, which was registered to Defendant with a home address of 1120 E. Latoka. The officer also checked the utility account at the address, which was issued in Defendant's name.

With this information, Officer Estrada sought a search warrant for 1120 E. Latoka; he provided a detailed description of the residence as well as its location. A search warrant was issued on October 2, 2006. Upon execution of the warrant on October 4, 2006, contraband including currency, marijuana, a handgun, firearms, ammunition, drug paraphernalia, and a laser sight were found and seized.

The Fourth Amendment does not prohibit warrantless searches of garbage left for collection outside the curtilage of a home. California v. Greenwood, 486 U.S. 35, 35 (1988). Defendant maintains that his trash was picked up on Mondays only, that he never left his trash out on a day of the week other than Monday, and that September 28, 2006, was a Thursday. Therefore, Defendant argues that his trash could not have been set out for pick up on the day it was searched, causing that search to be illegal. However, Officer Estrada photographed the residence, Defendant's vehicle, and the trash receptacles on the day of the search. These photographs show the trash receptacles sitting on or near the curb and away from the house. Accordingly, even if Officer Estrada was mistaken about the date on which the trash search occurred, the photographs show that the trash was out beyond the curtilage of the home. Because the search of the trash was legal, the evidence found during that search can be used in determining whether probable cause existed to support issuance of the search warrant.

states the address of 1120 East Catalpa, the location referred to is actually 1120 East Latoka, which is the address that was actually searched. Where a search warrant contains information that particularly identifies the place to be searched, the Eighth Circuit has found the description sufficient even though it lists the wrong address. See United States v. McCain, 677 F.2d 657, 660-61 (8th Cir. 1982). Additionally, when, as here, the same officer both applied for and executed the warrant, a search of the wrong location is unlikely. Id. at 661.

Case 6:07-cr-03081-ODS   Document 40   Filed 05/20/08   Page 2 of 3

The marijuana stems found in the trash corroborate the statements made by the three confidential sources regarding Defendant's involvement in selling marijuana. Therefore, even if the affidavit did not contain additional information regarding the reliability of these informants, their reliability was sufficiently established by this corroboration. The trash also contained mail that linked Defendant to the Latoka address through Rebecca Browning. Defendant was also linked to the address by the vehicle parked there and by utility records. Because there was probable cause to support the issuance of the search warrant, Defendant's Motion to Suppress must be denied.[2]

For these reasons, the Report is adopted as the Order of the Court and Defendant's Motion to Suppress is denied.


IT IS SO ORDERED.


        /s/ Ortrie D. Smith_____
        ORTRIE D. SMITH, JUDGE
DATE: May 20, 2008        UNITED STATES DISTRICT COURT

---

[2] Additionally, the Court agrees with the Report's finding that the good faith exception to the warrant requirement would apply even if probable cause was lacking. Officer Estrada relied in good faith on what he believed was a valid warrant, and a reasonable officer would have believed that probable cause existed in this case.

3